HARRY DICK, PLAINTIFF-RESPONDENT, v. THEODORE DORMAN, LOUIS FAST, MOE FAST AND HERMAN FAST, INDIVIDUALLY AND PRACTICING AS FAST & FAST, DEFENDANTS-APPELLANTS.

Argued January 20, 1942—Decided February 1, 1942.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Herman L. Fast.*

For the respondent, *Samuel D. Bozza.*

The opinion of the court was delivered by

PARKER, J. The difficulty in dealing with this appeal arises out of the absence of a specific finding of fact by the trial court, which would be determinative of the case.

By written instrument under seal, defendant Dorman agreed to sell, and plaintiff, Dick, agreed to buy, a "dairy concession" in a local food market. Plaintiff deposited $100 on account with defendants' attorneys, and the present suit is to recover back that $100. Plaintiff had judgment below.

The agreement provided that Dorman was to procure for plaintiff, Dick, a lease of the concession, obviously in writing, to "be prepared by Fast & Fast, attorneys of said landlord in the form usually prepared for such concessions, a copy of said form having been presented to the party of the second part and he having approved the same."

The question of fact, already alluded to, was whether, when the lease was presented to plaintiff to sign, it was "in the form" which had been presented to plaintiff and approved by him. The plaintiff testified that the lease presented varied from that form, in that such lease contained the clause quoted in our former opinion (foot of page 62), and that no such clause was in the form submitted to him when he signed the contract of purchase. Most of the argument, and part of the written decision of the District Court, revolve around the question whether the said clause conferred on the prospective landlord certain powers to regulate the plaintiff's business; and the trial court so held. But we deem this immaterial to the decision of the appeal. The plaintiff was entitled to a lease in the form that he had inspected and approved. If the clause in question was not in the form approved, plaintiff was entitled to reject the lease containing that clause, and have his money back. If, on the contrary, it was in the form so inspected and approved, he was not entitled to reject the

lease except for some other possible variance, as to which no claim was made.

*Exhibit D-3*, listed in the clerk's docket as "Lease Sample," is a four-page printed form of lease, described in the state of the case settled by the court, as "a copy of said proposed lease." A large part of the printed matter is erased, but a clause numbered 5 near the foot of the first page reads that "the tenant will at all times comply with and carry out the rules and policies of the Market as laid down in the operation and conduct of the same by the Lessor." But this is not stated to be the document "presented to the party of the Second part" at the time he signed the contract. So the question of fact remains, whether the "rules and policies" clause was in the "form" presented to and approved by the plaintiff. As to this, we have no finding of fact by the trial court. On this point the state of the case, settled by the judge, reads as follows: "The plaintiff testified that the form of lease presented to him on the signing of *Exhibit 'P-1'* and referred to therein, did not contain any provision giving the defendant the right to control plaintiff's selling prices and neither the defendant nor his attorney denied said statement." But we have no finding in that regard, and the decision proceeds on other grounds which we deem irrelevant to the true issue.

In this situation *R. S.* 2:32-212 seems plainly applicable. It reads as follows: "Upon an allegation of diminution of the record or the failure to return truly any fact or facts by a judge of a district court, the supreme court or a justice thereof at chambers, may, in term or in vacation, rule the judge of the district court to certify as to a fact or alleged fact claimed to be material and not found in the case as agreed or settled and sent up." The trial court will be ruled to certify whether or not "the form presented to" the plaintiff and "approved" by him contained the clause in question. If yea, the judgment will be reversed; if nay, the judgment under review will be affirmed.